**IN THE IN UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ANGELA HAWES<br>220 Tylerway Lane<br>Morrisville, NC 27560<br><br>Plaintiff,<br><br>v.<br><br>WARNER MASSAGE CLINICS, LLC<br>c/o Chad Warner<br>7330 Worthington Road<br>Westerville, Ohio 43082<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED<br>HEREIN** |

Plaintiff, Angela Hawes, by and through undersigned counsel, as her Complaint against Defendant, states and avers the following:

## PARTIES

1. Hawes is a resident of the city of Morrisville, North Carolina.

2. At all times herein, Hawes was acting in the course and scope of her employment.

3. Warner Massage Clinics, LLC., dba Massage Envy (hereinafter referred to as "Massage Envy") is a domestic limited liability company that does business at 6927 East Broad Street, Columbus, Ohio 43213.

4. Massage Envy is and, at all times herein, was an employer within the meaning of R.C. § 4112.01 *et seq.*

## JURISDICTION & VENUE

5. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Hawes is alleging a Federal Law Claim under the Civil Rights Act of 1964, 28 U.S.C. § 2000e.

6. All material events alleged in this Complaint occurred in Franklin County, Ohio.

7. This Court has supplemental jurisdiction over Hawes's state law claims pursuant to 28 U.S.C. § 1367 as Hawes's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9. Within 300 days of the conduct alleged below, Hawes filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2019-00444 against Massage Envy ("Hawes EEOC Charge").

10. On or about August 31, 2020 the EEOC issued and mailed a Notice of Right to Sue letter to Hawes regarding the Charges of Discrimination brought by Hawes against Massage Envy in the Hawes EEOC Charge.

11. Hawes received her Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1), which has been attached hereto as Plaintiff's Exhibit A.

12. Hawes has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Hawes has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

14. Hawes is a former employee of Massage Envy.

15. Hawes is African American.

16. As an African American, Hawes is a member of a protected class under § 4112.01 *et seq.*

17. On or about February 12, 2018, Massage Envy hired Hawes.

18. Kristen Menhart made the decision to hire Hawes.

19. Menhart is the Director of Recruiting and Development at Massage Envy.

20. Menhart is Caucasian.

21. Hawes worked as a Front Desk Associate at Massage Envy on 6927 East Broad Street, Columbus, Ohio 43213.

22. When Hawes was hired, there was only one other African American employee at Massage Envy.

23. The other African American employee was a massage therapist.

24. In or around March 2018, Defendant hired Kari Bush.

25. In or around March 2018, Bush became Hawes supervisor.

26. Bush is Caucasian.

27. Prior to Bush being hired, Maddy (Last Name Unknown) served as the interim lead manager of Massage Envy.

28. Maddy is Caucasian.

29. Prior to Bush being hired, Maddy provided Hawes positive performance evaluations.

30. Prior to Bush being hired, Hawes received positive performance reviews from Menhart.

31. Once Bush became Hawes supervisor, she began looking for reasons to terminated Hawes.

32. Bush treated Hawes differently than Hawes's similarly situated white employees.

33. Bush would not speak directly with Hawes.

34. Bush spoke to both McKayla (Last Name Unknown) and Maddy.

35. McKayla is Caucasian.

36. Bush told McKayla and Maddy that Bush was seeking reasons to terminate Hawes.

37. Bush asked McKayla and Maddy if either had adverse information on Hawes that could be used to terminate Hawes.

38. McKayla and Maddy did not have any adverse information about Hawes to share with Bush.

39. In or around April 2018, Bush criticized Hawes for not using "proper English" when giving clients a tour of the facilities. ("Racist Comment")

40. Hawes asked Bush what she meant by the Racist Comment.

41. Bush replied, "Black English, you know, like you would in your neighborhood."

42. On or about April 5, 2018, Bush terminated Hawes.

43. Bush stated that Hawes was terminated for not using "proper English" when giving tours, that Hawes threw away her lunch in the wrong trash can, that Hawes told McKayla that McKayla was going to hell for seeing a psychic, and that Hawes told Maddy that Maddy was going to hell for being gay. ("Termination Excuse").

44. Hawes refuted the Termination Excuse.

45. Hawes told Bush she has never thrown her lunch away as she always takes the remainder home.

46. Hawes told Bush that she never told McKayla nor Maddy they were going to hell.

47. Hawes has not told any individual they are going to hell.

48. McKayla and Maddy were not working the day Bush terminated Hawes.

49. Hawes went back to Massage Envy later that week when McKayla was working.

50. Hawes spoke to McKayla and told McKayla what Bush said.

51. McKayla denied stating that Hawes said she was going to hell.

52. McKayla affirmed that Maddy never told Bush that Hawes said Maddy was going to hell when Bush spoke with McKayla and Maddy seeking reasons to terminate Hawes.

53. Later that day or in the following days, Defendant emailed Hawes that she was banned from all Massage Envy locations for returning to talk to McKayla. ("Retaliatory Email")

54. In the Retaliatory Email, Defendant described Hawes as threatening.

55. Massage Envy hired a new Front Desk Associate to replace Hawes. ("Hawes Replacement")

4

56. Hawes' Replacement was Caucasian.

## COUNT 1: RACE DISCRIMINATION UNDER TITLE VII

57. Hawes restates each and every paragraph of this Complaint, as if it were fully restated herein.

58. Defendant treated Hawes less favorably than her similarly-situated Caucasian coworkers.

59. Throughout Hawes' employment, she was fully competent to perform his job duties.

60. Defendant violated 42 U.S.C. § 2000e et seq. by discriminating against Hawes on the basis of her race.

61. Defendant violated 42 U.S.C. § 2000e et seq. by discriminating against Hawes for opposing race discrimination.

62. As a direct and proximate result of Bimbo's 42 U.S.C. § 2000e et seq., violation, Hawes has and will continue to suffer damages.

## COUNT II: RACE DISCRIMINATION UNDER R.C. § 4112 *et seq.*

63. Hawes restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

64. Hawes was hired as a Front Desk Associate at Massage Envy by Menhart.

65. When Hawes was hired, Bush was not her manager.

66. Approximately two months after Hawes had been working at Massage Envy, Bush was hired as a manager.

67. All employees were Caucasian, except for Hawes and one massage therapist.

68. Bush told McKayla and Maddy that she was looking for reasons to terminate Hawes.

69. Bush made a Racist Comment.

70. When Hawes asked what Bush meant, Bush stated, "Black English, you know, like you would in your neighborhood."

71. Subsequently Bush terminated Hawes for not using "proper English.".

72. After terminating Hawes, Bush replaced Hawes with a Caucasian employee.

73. Bush treated Hawes differently than other similarly situated employees based on her race.

74. Bush violated R.C. § 4112.02(A) *et seq.* by discriminating against Hawes due to her race.

75. On or about April 5, 2018, Bush terminated Hawes without just cause.

76. At all times material herein, similarly situated non-African-American employees were not terminated without just cause.

77. Defendant terminated Hawes based on her race.

78. Defendant violated R.C. § 4112.01 et. seq. when they terminated Hawes based on her race.

79. Hawes suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

80. As a direct and proximate result of Defendant's conduct, Hawes has suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Hawes respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Massage Envy retroactively to restore Plaintiff to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Massage Envy of compensatory and monetary damages to compensate Hawes for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Massage Envy in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Hawes's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

    Respectfully submitted,

*/s/ Trisha M. Breedlove*
Trisha M. Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com

*Attorney for Plaintiff Angela Hawes*

8

## JURY DEMAND

Plaintiff Angela Hawes demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha M. Breedlove*
Trisha M. Breedlove (0095852)
**THE SPITZ LAW FIRM, LLC**